UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER A. STRATIENKO, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-CV-258 |
| ) | (COLLIER/SHIRLEY) |
| CHATTANOOGA-HAMILTON COUNTY ) | |
| HOSPITAL AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Curtis L. Collier, United States District Judge, for disposition of the following motions: defendant Chattanooga-Hamilton County Hospital Authority's ("CHCHA") Motion to Supplement Defendant CHCHA's Motion for Protective Order [Doc. 115]; defendant Van Stephen Monroe Jr.'s ("Dr. Monroe") Motion for Protective Order [Doc. 116]; plaintiff Alexander A. Stratienko's ("Plaintiff") Motion to Amend Federal Rules of Civil Procedure Rule 26(f) Report [Doc. 117] and Motion to Stay Administrative Hearing [Doc. 119]; defendant Daniel F. Fisher's ("Dr. Fisher") Motion for Protective Order [Doc. 122]; defendant Mel Twiest's ("Dr. Twiest") Motion to Quash Notice of Deposition [Doc. 123]; and defendant Mitchell L. Mutter's ("Dr. Mutter") Motion for Protective Order. [Doc. 124] The parties came before the Court on April 2, 2008, for a hearing on the instant motions. Attorney John P. Konvalinka was present on behalf of Plaintiff, attorneys Fred H. Moore and Joseph R. White were present on behalf of CHCHA, attorney Timothy L. Mickel was present on behalf of Dr. Twiest, attorney Nathaniel S. Goggans was

present on behalf of Dr. Monroe, and attorney W. Randall Wilson was present on behalf of Dr. Mutter, Dr. Fisher, and Dr. Shumaker. The instant motions are now ripe for adjudication. The Court will address each of the motions in turn.

## I. CHCHA's Motion to Supplement [Doc. 115]

CHCHA seeks leave of the Court to supplement its previously filed Motion for Protective Order. [Doc. 79] During the hearing, Plaintiff's counsel stated that Plaintiff has no opposition to CHCHA supplementing its motion. Accordingly, CHCHA's motion to supplement [Doc. 115] is **GRANTED** and its previously filed Motion for Protective Order [Doc. 79] shall be considered as supplemented.[1]

## II. Dr. Monroe's Motion for Protective Order [Doc. 116], Dr. Fisher's Motion for Protective Order [Doc. 122], and Dr. Twiest's Motion to Quash Notice of Deposition [Doc. 123]

Dr. Monroe, Dr. Twiest, and Dr. Fisher move the Court to quash deposition subpoenas served on each of them by Plaintiff. As grounds, the defendants state that they have previously been deposed by Plaintiff, and thus argue that Plaintiff must seek leave of Court to schedule additional depositions of these defendants. Rule 30 of the Federal Rules of Civil Procedure states, in pertinent part, that "[a] party must obtain leave of court, and the court must grant leave to the extent consistent

---

[1]The Court notes that Dr. Twiest also filed a supplement [Doc. 129] to his previously filed Motion for Protective Order. [Doc. 39] As Dr. Twiest's supplement was filed as simply a supplement, and not a motion to supplement, no action by the Court is needed. Rather, the Court simply notes for the record that Dr. Twiest's previously filed Motion for Protective Order [Doc. 39] will also be considered as supplemented. In so noting, the Court in no way implies that such a motion was, or was not, needed prior to the filing of the supplement, as the Local Rules do contemplate supplemental filings without leave of the Court in certain circumstances, see E.D.TN. LR 7.1(d), although substantive responses beyond those provided are generally discouraged and/or denied. Rather, because the parties addressed both supplements at the hearing, for the sake of completeness, the Court takes note of Dr. Twiest's supplement as well as that of CHCHA.

with Rule 26(b)(2) if the parties have not stipulated to the deposition and . . . the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii).

Plaintiff conceded at the hearing that he failed to obtain leave of the Court before noticing the depositions at issue. Accordingly, the Court finds the defendants' motions [Docs. 166, 122, 123] to be well-taken, the same are hereby **GRANTED**, and the depositions of Dr. Monroe, Dr. Twiest, and Dr. Fisher are hereby **QUASHED**. Additionally, the parties are **DIRECTED** to meet and confer as to the possibility of a second deposition of each of the three doctors, as well as the scope of any such depositions. After such a meeting, should the parties be unable to reach agreement as to the depositions, Plaintiff may then file a motion seeking leave to depose Dr. Monroe, Dr. Twiest, and Dr. Fisher, and if Plaintiff makes such a filling, it shall include the nature, extent, and scope of the proposed depositions, with specificity, along with the basis for re-deposing each individual.

### III. Plaintiff's Motion to Amend Federal Rules of Civil Procedure Rule 26(f) Report [Doc. 117]

Plaintiff moves the Court to amend the Joint Federal Rules of Civil Procedure Rule 26(f) Report [Doc. 41] filed with the Court on December 20, 2008, by deleting ¶ 3.[2] As grounds, Plaintiff states that the inclusion of ¶ 3 was not discussed at the Rule 26 meeting, that ¶ 3 was not included in the initial version of the report reviewed by Plaintiff's counsel, and that the addition of ¶ 3 was

---

[2]¶3 states:

> 3. Administrative Hearing Pursuant to the Authority Medical Staff Bylaws:
>
> Nothing in this order shall preclude nor in any way affect the scheduling and holding of the administrative hearing pursuant to the Chattanooga-Hamilton County Hospital Authority's Medical Staff Bylaws for the plaintiff, Dr. Stratienko.

3

not pointed out to Plaintiff's counsel, so they did not realize it had been added. During the hearing, defense counsel conceded that the addition of ¶ 3 was not specifically pointed out to plaintiff's counsel, but stated that defense counsel did not realize Plaintiff was unaware of its inclusion in the draft report, because of plaintiff's subsequent modifications to drafts containing this ¶ 3.

In light of the confusion over the addition of ¶3, the Court finds Plaintiff's motion [Doc. 117] to be well-taken and the same is hereby **GRANTED**. The Joint Rule 26(f) Report [Doc. 41] is hereby **AMENDED** such that ¶3 is hereby **DELETED**.

### IV. Plaintiff's Motion to Stay Administrative Hearing [Doc. 119] and Dr. Mutter's Motion for Protective Order [Doc. 124]

During the hearing, the parties stated that they had resolved Plaintiff's Motion to Stay Administrative Hearing [Doc. 119] and Dr. Mutter's Motion for Protective Order [Doc. 124], by virtue of agreements to reset both the administrative hearing and the deposition of Dr. Mutter at later dates, and Plaintiff and Dr. Mutter each withdrew their respective motion. Accordingly, Plaintiff's motion to stay [Doc. 119] and Dr. Mutter's motion [Doc. 124] are considered **WITHDRAWN**.

**IT IS SO ORDERED.**

**ENTER:**

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge