UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER A. STRATIENKO, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-CV-258 |
| ) | (COLLIER/SHIRLEY) |
| CHATTANOOGA-HAMILTON COUNTY ) | |
| HOSPITAL AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Curtis L. Collier, United States District Judge, for the resolution of a discovery dispute between the parties. By its Order [Doc. 133] dated April 4, 2008, the Court directed the parties to meet and confer as to the possibility of second depositions of individuals previously deposed in this matter. The parties have complied with the Court's Order, but informed chambers that they were unable to reach agreement as to whether certain topics were appropriate areas of inquiry for a second deposition. On May 29, 2008, the Court conducted a telephonic hearing to entertain argument as to the scope of second depositions of previously deposed individuals. During the hearing, the parties identified several specific areas of concern. The Court will address each of these areas in turn.

**I.    Inconsistent Testimony**

The first issue raised by the parties is whether the plaintiff should be allowed to question a deponent about topics addressed in the deponent's previous deposition, so that the plaintiff can resolve alleged inconsistencies between the testimony of the deponent and that of another individual,

or individuals, deposed by the plaintiff.

The Court finds that, to the extent that such questions relate to the amended complaint's allegations of conspiracy, the Court will allow **limited** questioning based on the allegedly prior inconsistent testimony of the deponent. However, the Court does not condone, nor will the Court allow, a general reopening of all topics previously covered simply because of another witness' allegedly contradictory testimony.

## II.     Disciplinary Actions

The next issue raised by the parties is whether the plaintiff should be able to inquire as to disciplinary matters involving other individuals. During the hearing, the parties advised the Court that the plaintiff had inquired into this area during past depositions, but that the defendants had objected on the basis of Tennessee's peer review privilege, and further advised the Court that such objections had not yet been resolved. The Court finds that until the defendants' objections as to this issue have been resolved, the plaintiff shall not be allowed to inquire into the area of disciplinary actions involving other individuals during the depositions at issue. Rather, the plaintiff should file a motion to compel as to the previous objections, so that those objections can be resolved.

## III.    Legal Representation

The next issue raised is whether the plaintiff should be able to inquire as to legal advice given to the leadership of the medical staff. The plaintiff contends that, because the plaintiff is a member of the medical staff, any legal advice given to the medical staff is not privileged as to the plaintiff. The defendants disagree, arguing that the plaintiff was not a member of the medical staff leadership, and thus any advice given to the medical staff leadership, as opposed to the general medical staff, is privileged as to the plaintiff.

As to this issue, the Court finds that the plaintiff shall be allowed to make general inquiries into this area so that he can determine whether the legal advice at issue was being offered to the general medical staff, or only to the medical staff leadership. Accordingly, the plaintiff shall be able to inquire: as to the constituencies of any such meetings where legal advice was provided; as to the identify of the individual(s) who offered the advice; whether legal advice was offered to the deponent, and, if so, whether the deponent received such advice in his or her role as a member of the leadership staff or as a member of the general medical staff. If the defendants feel that such questioning delves into the actual contents of the legal advice at issue, and the defendants continue to maintain that such advice is privileged as to the plaintiff, then the defendants may raise the appropriate objection at that time. In the event of such an objection, the defendants shall prepare the equivalent of a privilege log, setting forth the specific information necessary to identify the areas as to which the privilege is being claimed. Should the plaintiff continue to believe that the matters are not privileged, he may file a motion to compel at that time, seeking resolution of the claimed privilege.

**IV.     Indemnification Issues**

The next issue raised by the parties is whether the plaintiff should be allowed to inquire as to whether the deponents are being indemnified by any other individual, or entity, as to any potential loss in this matter. Defendants contend that the plaintiff should have addressed the issue of indemnification during the prior depositions. The defendants further oppose this area of inquiry, arguing a lack of relevance. The plaintiff contends that the matters are relevant, arguing that the defendants at issue were originally sued in their official capacity. Plaintiff contends that these defendants were not added in their individual capacities until after they had been deposed, and thus

that the issue of indemnification would not have been relevant during the original depositions, but has now become relevant because of the individual capacity claims.

The Court notes that the Federal Rules of Civil Procedure provide that all parties must include in their initial disclosures "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Fed. R. Civ. P. 26(a)(1)(A)(iv). The advisory committee notes to that Rule further indicate that:

> The provision applies only to persons "carrying on an insurance business" and thus covers insurance companies and not the ordinary business concern that enters into a contract of indemnification. Thus, the provision makes no change in existing law on discovery of indemnity agreements other than insurance agreements by persons carrying on an insurance business. Similarly, the provision does not cover the business concern that creates a reserve fund for purposes of self-insurance.

Id., advisory committee notes to 1970 amendment. Thus, the required disclosure of indemnification agreements applies only to indemnification by an "insurance business" and not to other indemnification agreements which do not involve an insurance company.

Accordingly, the Court finds that, if any of the defendants are the beneficiaries of an indemnification agreement involving an "insurance business," then the defendants are required to disclose that information under the Rules. If that is the case, then the defendants shall have until and including **June 9, 2008**, to produce a supplemental disclosure providing such information. If such is not the case, then no supplementation is needed. Additionally, given the timing of the previous depositions and the amendment of the plaintiff's complaint to add the individual capacity claims, the Court finds that the plaintiff may inquire as to whether a deponent is the beneficiary of an indemnification agreement involving an "insurance business," but may not inquire as to whether the

4

deponent is the beneficiary of an indemnification agreement that would fall under the "ordinary business concern" exception described in the committee notes.

## V.     Newly Produced Documents

The next issue raised by the parties relates to the scope of questioning involving documents produced since the original depositions at issue. The parties agree that discovery produced pursuant to this Court's Orders is an appropriate topic of inquiry. The defendants contend, however, that the plaintiff's letter establishing the possible topics of inquiry does not limit inquiry to only documents produced pursuant to the Court's Orders, but instead is open ended, allowing the possibility of questioning regarding any documents that the plaintiff might have obtained from any source subsequent to the original depositions.

The Court finds that the plaintiff may inquire as to any documents produced after the original depositions in this matter, so long as those documents were produced as a part of the discovery process in this litigation. Such documents include any documents produced as a result of discovery requests propounded by the plaintiff, documents produced as a part of a party's initial or supplemental disclosures, and any documents produced in response to this Court's, or, prior to removal, the state court's, Orders. In the event that the plaintiff wishes to inquire as to any documents obtained through some source other than the discovery process, including, but not limited to, documents obtained through open records requests, then the plaintiff shall have until and including **June 6, 2008**, to identify such documents as potential topics of inquiry. Plaintiff should not use the terminology "including but not limited to," as the identification process is intended to be "limited to" the documents identified. Should the defendants believe that any documents so identified should not be inquired into, then they may contact the Court to schedule a telephone

conference to resolve the defendants' objections prior to the depositions.

## VI. Other Issues That Could Have Been Addressed During Previous Depositions

The next issue before the Court is whether the plaintiff should be allowed to delve into topics addressed, or that could have been addressed, in previous depositions. As the Court noted above, the Court will not allow the plaintiff unfettered leave to revisit areas addressed, or that could have been addressed, during previous depositions. The scope of the additional depositions at issue, except as noted above, is to be limited to matters that were not and could not have been covered in the previous depositions. Judicial resources do not allow the Court to read all of the previous depositions and provide a list of matters the plaintiff can, or cannot, address. To the extent that there is a dispute over whether previous depositions were terminated before the plaintiff was able to fully address all of topics of interest, the Court will allow the plaintiff some leeway. Additionally, given the time limits the Court establishes below, the Court finds that the potential for rehashing areas previously addressed, or at least any prejudice therefrom, is effectively protected against. To the extent that the plaintiff might wish to inquire into an area as to which counsel had previously objected, and those objections remain unresolved, then the proper course is to file a motion to compel, not to revisit those same areas in a second deposition.

## VII. Subjects Not Specifically Designated

The next issue raised by the parties is whether the plaintiff should be allowed to inquire into areas not specifically addressed by plaintiff's counsel's letters as to the scope of the second depositions. The Court finds that, given that the plaintiff has previously deposed the individuals at issue, and given that the plaintiff is being given leave to re-depose these individuals only as to specific areas of inquiry, the plaintiff shall not be allowed to question the deponents as to areas not

identified in advance of the second depositions, subject to any supplementation of those areas of inquiry allowed above.

**VIII. Time Limits**

The final issue raised by the parties is whether a time limit should be imposed on the depositions at issue. The Court finds that the deposition of Dr. Twiest shall be limited to no more than two (2) hours, and the depositions of all other individuals at issue shall be limited to no more than four (4) hours each.

**IT IS SO ORDERED.**

                **ENTER:**

                <u>  s/ C. Clifford Shirley, Jr.  </u>
                United States Magistrate Judge