UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

|  |  |  |
|---|---|---|
| ALEXANDER A. STRATIENKO, M.D., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:07-CV-258 |
| v. | ) | |
| | ) | |
| CHATTANOOGA-HAMILTON COUNTY | ) | Chief Judge Curtis L. Collier |
| HOSPITAL AUTHORITY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM

Plaintiff Alexander A. Stratienko ("Plaintiff") moves the Court to grant partial summary judgment, arguing Plaintiff can no longer be suspended based upon the underlying conduct at issue due to an alleged waiver and estoppel (Court File No. 50).[1] For the following reasons, the Court will **DENY** Plaintiff's motion for partial summary judgment (*id.*).

## I. FACTS

On September 16, 2004, there was an altercation between Plaintiff and defendant Monroe (Court File No. 1, Exhibit 1, p. 5). At some point before that date, Plaintiff conveyed concern to

---

[1]In relation to this motion, numerous filings were made: Plaintiff's related material facts (Court File No. 51), supporting memorandum (Court File No. 52), the response of defendant Van Stephen Monroe, Jr., M.D. ("Monroe") (Court File No. 69), Monroe's related material facts (Court File No. 76), the response of Chattanooga-Hamilton County Hospital Authority ("Hospital Authority") (Court File No. 70), Hospital Authority's related material facts (Court File No. 71), the response of Twiest (Court File No. 72), Twiest's related material facts (Court File No. 73), the response of defendants Mitchell L. Mutter, M.D. ("Mutter"), Daniel F. Fisher, M.D. ("Fisher"), and Nita Shumaker, M.D. ("Shumaker") (Court File No. 74), their supporting memorandum (Court File No. 77), their related material facts (Court File No. 75), and Plaintiff's reply (Court File No. 95).

defendant Fisher as to whether Monroe was qualified to serve on a committee which credentialed physicians to place carotid stents, as Plaintiff believed Monroe to lack sufficient experience and credentials (*id.*).  When Monroe learned of this conversation, he confronted Plaintiff in the break room (*id.*, p. 6).  According to Plaintiff,[2] Monroe, who was standing in the doorway, demanded Plaintiff stop questioning his training and threatened to sue Plaintiff (*id.*).  Plaintiff, with one hand, moved Monroe aside and excited through the now-open doorway (*id.*).  Monroe immediately reported the incident (*id.*).

Based upon this altercation, a peer review was conducted and Plaintiff was suspended for thirty days (Court File No. 1, Exhibit 1, pp. 6-7; Court File No. 51, Exhibit B).  Plaintiff filed a complaint in state court and obtained a temporary restraining order, which prevented defendant Hospital Authority from continuing Plaintiff's suspension pending resolution of the complaint (Court File Nos. 50, p. 2; 70, Exhibit 3).

In the normal course of business, Hospital Authority is required to renew the appointment of its physicians every two years, which permits its physicians continued use of the hospital resources and facility (*id.*).  Plaintiff was up for renewal of his appointment in 2005 (*id.*).  Having been enjoined from continuing his suspension based upon the disputed sufficiency of the peer review leading to his suspension, Defendant renewed Plaintiff's appointment for a two-year period (Court File No. 4, p. 2).  The letter sent to Plaintiff, informing him of the approval of his 2005 reappointment application, made no mention of the suspension or temporary restraining order (*see*

_____

[2]Not surprisingly, each side characterizes the situation differently - particularly the degree of menace exhibited in Monroe's confrontation and the force with which Plaintiff moved Monroe out of the doorway.  These basic facts are presented here for background purposes, taken from the Plaintiff's Second Amended Complaint (Court File No. 1, Exhibit 1).  They are not intended as an endorsement by the Court of any issue of fact.

Court File No. 50, Exhibit B).[3]

## II.    STANDARD OF REVIEW

Summary judgment is proper when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must demonstrate no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). That is, the moving party must provide the grounds upon which it seeks summary judgment, but does not need to provide affidavits or other materials to negate the non-moving party's claims. *Celotex*, 477 U.S. at 323. The Court views the evidence, including all reasonable inferences, in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). However, the non-movant is not entitled to a trial based solely on its allegations, and must submit significant

---

[3]None of the parties has made clear for the Court what the legal significance of this letter is (*see* Court File No. 50, Exhibit B). The Court is not privy to the specific operations of the hospital in conducting reappointments. However, it seems likely that there would be an official document involved, which acts as a formal record and the legal execution of the reappointment, in addition to a form letter sent to the applicant. However, none of the parties take issue with whether such an underlying document exists, and how that document affects the wavier issue.

Whether a more formal, more detailed document exists would seem to be of particular import because, although the Court would assume limitations exist with any reappointment (for instance, limitations as to what a doctor can and cannot do, and what violations would result in the revocation or termination of the reappointment privileges), none is discussed in this letter (*see* Court File No. 50, Exhibit B). Plaintiff does not state whether Hospital Authority would also be precluded from enforcing other limitations not mentioned in the letter, and if not, why a failure to denote this particular limitation in the letter is distinguishable. However, because neither party supplied such a document, the Court will resolve the issue based upon the facts provided.

probative evidence to support its claims. *Celotex*, 477 U.S. at 324; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The moving party is entitled to summary judgment if the non-movant fails to make a sufficient showing on an essential element for which it bears the burden of proof. *Celotex*, 477 U.S. at 323. In short, if the Court concludes a fair-minded jury could not return a verdict in favor of the non-movant based on the record, the Court may enter summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251-52 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## III. ANALYSIS

Plaintiff now moves for partial summary judgment, arguing because the 2005 reappointment letter did not contain language making that renewal contingent on the outcome of this litigation or the existence of the temporary restraining order enjoining the thirty-day suspension, Hospital Authority, and all other defendants, have waived their ability to uphold the suspension (Court File No. 50).[4] As such, Plaintiff argues defendants are precluded from pursuing the summary suspension, and seeks partial summary judgment on that issue (*id.*).[5]

Thus, the issue before this Court is whether the Hospital Authority's lack of reference to the thirty-day suspension or the temporary restraining order in the 2005 renewal preclude Plaintiff's

---

[4]Plaintiff has made a similar argument in a separate case filed in state court, and then removed to this Court. *See Stratienko v. Chattanooga-Hamilton County Hospital Authority*, No. 1:08-CV-26 (E.D.TN. removed February 1, 2008). There, Plaintiffs argues, because the 2005 renewal lacks any written limitation, Hospital Authority is enjoined from placing any limitation pertaining to this case on his 2007 renewal. That case has been consolidated with this one.

[5]According to Plaintiff, Plaintiff's claim for damages would be the only remaining issue in this case (*see* Court File No. 50, p. 2).

future suspension through the principles of waiver or estoppel. Because Plaintiff has failed to satisfy the essential elements to establish waiver and estoppel, the Court will **DENY** Plaintiff's motion for partial summary judgment.

## A. Waiver

"Waiver is a voluntary relinquishment by a party of a known right." *Arista Records, LLC v. Chumley*, 2008 Tenn. App. LEXIS 363, *14 (Tenn. Ct. App. June 24, 2008) (citing *Reed v. Washington County Bd. of Educ.*, 756 S.W.2d 250, 255 (Tenn. 1988)). A waiver can be express or implied. "An express waiver is an oral or written statement giving up known rights or privileges. An implied waiver occurs when a party's conduct, although perhaps not the party's words, shows the party's conscious choice to give up rights or to forego benefits. To amount to a waiver, the conduct must be the result of a conscious, voluntary choice, and must provide clear, unequivocal, and decisive evidence of the party's intent and purpose to forego a right or benefit." *Grimsley v. Kittrell*, 2006 Tenn. App. LEXIS 633, *10 (Tenn. Ct. App. Sept. 29, 2006) (citations omitted).

Plaintiff alleges Hospital Authority implicitly waived its right to continue pursuit of Plaintiff's suspension because his reappointment letter made no reference to his suspension (Court File No. 50). However, Hospital Authority was enjoined by a temporary restraining order of a state court from continuing Plaintiff's suspension (*see* Court File No. 70, Exhibit 3). Due to this temporary restraining order, Hospital Authority's Board of Trustees did not consider Plaintiff's suspension in determining whether he would be reappointed to active status with the hospital (*see* Court File Nos. 70, p. 2; 72, p. 8; 77, p. 4).[6] Plaintiff provides no basis for this Court to conclude

---

[6]Defendants qualified Plaintiff's 2007 reappointment, rendering it conditional on this unresolved litigation and the pending temporary restraining order (*see* Court File No. 95, p. 6). Plaintiff argues doing so is "an admitted violation of the [temporary restraining order]" (*id.*).

that Hospital Authority, or any other defendant, intended to forego any future suspension of Plaintiff based upon the facts underlying this litigation. Whether Plaintiff's reappointment letter was not qualified due to an oversight or because of the temporary restraining order, this lack of qualification does not indicate a conscious intent to forego Plaintiff's suspension. Plaintiff has failed to provide "clear, unequivocal, and decisive evidence" of a "conscious, voluntary choice" by any defendant to forego the ability to proceed with Plaintiff's suspension upon resolution of this litigation. *See Grimsley*, 2006 Tenn. App. LEXIS 633, *10. As such, the Court will **DENY** Plaintiff's motion for partial summary judgment based upon waiver.

### B. Estoppel

An essential element of estoppel[7] is detrimental reliance by one party based upon the conduct of the party subject to estoppel. *See, e.g., Chattem, Inc. v. Provident Life & Acci. Ins. Co.*, 676 S.W.2d 953, 955 (Tenn. 1984) (citing *Provident Wash. Ins. Co. v. Reese*, 373 S.W.2d 613, 1963 Tenn. LEXIS 499, *7 (Tenn. 1963)). Plaintiff does not put forth any evidence that he relied upon the reappointment letter to his detriment. Plaintiff does not appear to have taken detrimental action in either his practice or this litigation, based upon the lack of reference to his enjoined suspension

---

Plaintiff does not explain the relevance of that assertion to the issue of waiver. Regardless of whether defendants can or cannot qualify the reappointment without violating the temporary restraining order, or whether defendants did or did not knowingly violate it, Plaintiff has failed to provide "clear, unequivocal, and decisive evidence" that defendants made "a conscious, voluntary choice" to waive their ability to suspend Plaintiff pending the outcome of this litigation. *See Grimsley*, 2006 Tenn. App. LEXIS 633, *10.

[7]Plaintiff distinguishes equitable estoppel and estoppel by waiver, asserting defendants have misunderstood his motion by opposing equitable estoppel, rather than estoppel by waiver (*see* Court File No. 95, pp. 4-5). However, from Plaintiff's own account, estoppel by waiver still requires "the innocent party to forego some right or otherwise to change his position" (*id.*, p. 5) (citation omitted). As stated above, Plaintiff has failed to demonstrate any change in position, either professionally or legally, due to the letter approving his reappointment - an essential element in any estoppel claim.

in the reappointment letter.  As such, Plaintiff has failed to satisfy an essential element of estoppel, and the Court will **DENY** Plaintiff's motion for partial summary judgment based upon the theory of estoppel.


## IV.     CONCLUSION

Because Plaintiff has failed to satisfy the essential elements for both waiver and estoppel, the Court will **DENY** Plaintiff's motion for partial summary judgment (Court File No. 50).

An Order will follow.


_/s/_____
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**