UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER A. STRATIENKO, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-CV-258 |
| ) | (COLLIER/SHIRLEY) |
| CHATTANOOGA-HAMILTON COUNTY ) | |
| HOSPITAL AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Curtis L. Collier, United States District Judge, on defendant Chattanooga-Hamilton County Hospital Authority's Motion for Protective Order [Doc. 241] and Motion to Quash Subpoena. [Doc. 242] On September 25, 2008, the Court conducted a hearing on the instant motions. Attorney John P. Konvalinka appeared on behalf of the plaintiff, attorney Joseph R. White appeared on behalf of defendant Chattanooga-Hamilton County Hospital Authority ("Erlanger"), attorney Timothy L. Mickel appeared on behalf of defendant Twiest, attorney Anthony Jackson appeared on behalf of defendant Monroe, and attorney Leah M. Gerbitz appeared on behalf of defendants Mutter, Fisher, and Shumaker.

During the hearing, the parties advised the Court that they had reached agreement as to Erlanger's motions. The parties set forth the following agreement:

> 1. Erlanger shall perform an electronic search of the requested computer hard drives for documents from the period of September 15, 2004, to September 30, 2004, which relate to the matters at issue in this lawsuit. Erlanger shall produce any responsive, non-privileged documents discovered by such searches and shall provide

the appropriate privilege log for any privileged documents discovered. Where possible, Erlanger shall produce redacted versions of any responsive privileged documents.

2. Erlanger shall perform an electronic search of the email accounts belonging to the individuals at issue for emails from the period of September 30, 2004, through December 31, 2007. The email search shall be limited to the following keywords: Stratienko, Konvalinka, and Jennifer Lawrence. Erlanger shall produce any responsive, non-privileged documents discovered by such search and shall provide the appropriate privilege log for any privileged documents discovered. Where possible, Erlanger shall produce redacted versions of any responsive privileged documents.

3. Before the production of any documents discovered pursuant to ¶1 and ¶2 above, Erlanger's Chief Information Officer, or another individual agreed to by the parties, shall review the material in question and certify whether all non-privileged, responsive documents have been produced.

4. Erlanger's counsel shall review the minutes from the meetings of Erlanger's Medical Executive Committee from the period of January 1, 2002, to the present. Counsel shall produce any non-privileged, responsive material, subject to the Court's previous rulings in this matter on Tennessee's peer review privilege. Erlanger shall produce any responsive, non-privileged documents discovered by such searches and shall provide the appropriate privilege log for any privileged documents discovered. Where possible, Erlanger shall produce redacted versions of any privileged documents.

5. Should there be a dispute as to any issue of privilege, or any other dispute as to this production, including any issue as to Tennessee's peer review privilege which one or more of the parties believes falls outside the Court's previous rulings as to the peer review privilege, the parties shall first meet and confer in an attempt to resolve such disputed issues. Should the parties prove unable to resolve such disputed issues, the parties shall then contact chambers to schedule a telephone conference to discuss the disputed issues.

In light of the agreement by the parties, Erlanger's motions [Docs. 241, 242] are hereby **GRANTED in part** and **DENIED in part**, to the extent that the discovery at issue shall be limited as set forth above.

In addition, during the hearing, the plaintiff made an oral motion for a brief extension of the expert disclosure deadline. All defense counsel stated that they did not oppose such extension. Accordingly, the Court **GRANTED** the plaintiff's oral motion for an extension. The plaintiff shall have until and including **October 7, 2008**, to make his expert disclosures and the defendants shall have until and including **November 6, 2008**, to make their expert disclosures.

During the hearing, the parties also briefly addressed the plaintiff's Motion to Strike [Doc. 260] and Dr. Monroe's Motion for Leave to File Supplement to Supplemental Witness List [Doc. 253] and Motion to Quash Subpoena. [Doc. 254] As to the plaintiff's motion, the parties stated that they would discuss rescheduling the depositions at issue. As to Dr. Monroe's motions, plaintiff's counsel agreed to delay execution of the subpoena at issue in Dr. Monroe's motion to quash and further stated that counsel would confer as to the supplemental witness list. Accordingly, as to each of these three motions [Docs. 253, 254, 260], the involved parties are **DIRECTED** to meet and confer as to the motions and to advise the Court on or before **September 30, 2008**, as to whether a hearing on the motions is needed.

**IT IS SO ORDERED.**

                                            **ENTER:**

                                              s/ C. Clifford Shirley, Jr.
                                            United States Magistrate Judge