UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| ALEXANDER A. STRATIENKO, M.D., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:07-CV-258 |
| ) | (COLLIER/SHIRLEY) |
| CHATTANOOGA-HAMILTON COUNTY ) | |
| HOSPITAL AUTHORITY, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by the referral of the Honorable Curtis L. Collier, United States District Judge, on the plaintiff's Motion to Compel and for Sanctions. [Doc. 292] On December 10, 2008, the parties appeared before the Court for a hearing on the instant motion, and the Court has taken the matter under advisement. However, the Court needs additional information regarding one of the issues raised by the plaintiff before a ruling can be made.

One of the issues before the Court involves the alleged spoliation of evidence by defendant Chattanooga-Hamilton County Hospital Authority ("Erlanger"), caused by Erlanger's re-imaging of the hard drive in a computer used by defendant Mel Twiest, M.D. (the "Twiest Hard Drive") Before ruling on the motion, the Court needs additional information regarding the following:

1. The existence of any backup tapes (or any other form of electronic backup) of the Twiest Hard Drive, and, if such backups exist, the frequency at which such backups were made (i.e. nightly, weekly, monthly), and whether the existence of a backup tape (or other form of electronic backup) for a specific period of time might reduce the cost and difficulty of recovering the information.

2.      The feasibility of recovering data from the Twiest Hard Drive from such backup tapes (or any other form of electronic backup), or from the Twiest Hard Drive itself, for the period of time between and including September 16, 2004, and September 30, 2004, including an estimate of the cost of attempting to recover such data, as well as the amount of time necessary for such an attempt.

3.      Whether any electronically stored information, including but not limited to emails and other computer documents, such as word processing files, created or used by Dr. Twiest exist, or at one time existed, on a network hard drive, or some other electronic medium, which might still exist, and if so, the feasibility of recovering the information from such other source.

Erlanger, in the form of a sworn affidavit by an individual with suitable experience and knowledge in such matters, shall provide the requested information to the Court as soon as possible, but no later than December 17, 2008.

**IT IS SO ORDERED**.

ENTER:

　s/ C. Clifford Shirley, Jr.　
United States Magistrate Judge

2